

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant State Super-
intendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-5389
Re: How may a State
Line School Dis-
trict created by
compact between
New Mexico and
Texas be dissolved?

Your letter dated June 8, 1943 addressed to
Honorable Gerald C. Mann, Attorney General of Texas, re-
questing the opinion of this department on the above
captioned subject has been received and has had our at-
tention.

Attached to your letter is a letter from
W. C. Cherry, Superintendent of the Bovina Independent
School District, Bovina, Texas addressed to Dr. L. A.
Woods, State Superintendent of Public Instruction which
reads as follows:

"Under an agreement existing between
the States of Texas and New Mexico and in
the year of about 1937 a state line district
of this county consolidated with a similar
district in New Mexico. The consolidation
was brought about to insure high school fa-
cilities to the Texas district.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. T. M. Trimble, Page 2

"Recently the high school, which was
located on the New Mexico side, was done
away with, and now the Texas folk face the
alternative of having to send their high
school children some distance to another
New Mexico high school or finding a way to
send them to a Texas high school not so far
removed from them.

"It appears that the people on the Texas
side are about unanimous in their desire to go
to a Texas school and a representative group
of the people came to the Bovina school board
and ask that I write to you about the matter
and ask what if any procedure they might pursue
to keep their high school children in Texas.
As a matter of fact, they desire to dissolve
the consolidation and send all their children
to the Texas school or schools.

"The district is located so that either
Farwell or Bovina or both could very well re-
ceive the children and they (the children)
would not have so very far to travel.

"These people would appreciate your advice."

In the year 1935, by H. B. 278, Chapter 220,
the Legislature of the State of Texas ratified a compact
between the State of New Mexico and the State of Texas to
establish the State Line School District in question. We
have no information as to whether or not the Legislature
of New Mexico did likewise.

If the Legislature of both said states ratified
the compact establishing said school district, then it would
require the action of the Legislature of each of said states
to abolish the same, if such abolition is to be accomplished
in an orderly way. A compact between states may be ended by
consent, or it may be enforced by either party thereto, but

the adjudication of rights under an interstate compact
is a Federal question for determination by the United
States Supreme Court. Art. 3, Sec. 2, U. S. Constitu-
tion. Rhode Island vs. Massachusetts, 9 L. Ed. 1233,
Missouri vs. Illinois, 200 U. S. 496.

As stated above, we cannot know from the
information furnished us whether the New Mexico Legis-
lature ratified said compact. If it did, then, and in
that event, before the said school district can be
legally dissolved such dissolution must be authorized
by the Legislature of both said states, since no method
of dissolution is provided for in the compact.

We wish it to be understood that we are not
expressing any opinion as to the rights of creditors, if
any, of such school district.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By       S. P. Price
Assistant

EPP:fo

APPROVED JUN 1, 1943

Wm. J. Fanning
ACTING ATTORNEY GENERAL OF TEXAS

OR.
C.C.R.


APPROVED OPINION COMMITTEE BY BWB CHAIRMAN